NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| LARRY QUASON HAILEY, | : | |
| | : | Civ. No. 20-2085(RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DAVID E. ORTIZ, | : | |
| | : | |
| Respondent | : | |

**BUMB, District Judge**

Petitioner Larry Quason Hailey, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey, challenges his 2011 conviction for violating 21 U.S.C. § 841(a)(1) and (b)(1)(C) in the United States District Court, Eastern District of Virginia, asserting jurisdiction in this Court either as a Motion under Federal Rule of Civil Procedure 60(d) or as a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.

This matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), which provides that the Court shall dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief …."[1]

---

[1] Rule 4 is also applicable to petitions brought under 28 U.S.C. § 2241, pursuant to Rule 1, Scope of the Rules.

I.  DISCUSSION

Petitioner acknowledges that he pled guilty to the drug

charges brought against him in the Eastern District of Virginia in

U.S. v. Hailey, Criminal Action No. 11cr13(MSD) (E.D. Va.),[2] that

he was sentenced on October 24, 2011, and that he brought a motion

under 28 U.S.C. § 2255, which was denied on July 17, 2017. (Pet.,

ECF No. 1, ¶¶1-4.) Petitioner argues, however, that the Court's

jurisdiction under 18 U.S.C. § 3231 was only presumed, and he now

challenges that statute, arguing that Public Law 80-772 was never

properly enacted by the House of Representatives in the 1940s.

Federal Courts may issue a writ of habeas corpus only when

the petitioner is "in custody in violation of the Constitution or

laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner challenges his sentencing court's jurisdiction under 18

U.S.C. § 3231, which provides:

> The district courts of the United States shall
> have original jurisdiction, exclusive of the
> courts of the States, of all offenses against
> the laws of the United States.
>
> Nothing in this title shall be held to take
> away or impair the jurisdiction of the courts
> of the several States under the laws thereof.

This Court agrees with the many courts who have examined and

rejected as legally frivolous claims that 18 U.S.C. § 3231 is

ineffective because Public Law 80-772 was never properly enacted.

---

[2] Available at www.pacer.gov.

See <u>e.g.</u>, <u>Benjamin v. Miner</u>, 256 F. App'x 554, 555 (3d Cir. 2007); <u>United States v. Johnson</u>, 270 F. App'x 191 (3d Cir. 2008); <u>United States v. Potts</u>, 251 F. App'x 109, 111 (3d Cir. 2007); <u>United States v. Armijo</u>, 314 F. App'x 113, 114 (10th Cir. 2008); <u>United States v. Collins</u>, 510 F.3d 697, 698 (7th Cir. 2007); <u>United States v. Campbell</u>, 221 F. App'x 459, 461 (7th Cir. 2007); <u>United States v. Risquet</u>, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006); <u>Cardenas-Celestino v. United States</u>, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008).

II.  CONCLUSION

This claim is frivolous and the motion/petition will be dismissed with prejudice. The Court will dismiss the motions filed in this action as moot.


**Dated: <u>March 27, 2020</u>**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

3